Edward J. Poulos, J.
The defendant was issued summonses alleging the violations of sections 401 (subd. 1) (operating an unregistered motor vehicle), 503 (operating a motorcycle without a license), 306 (subd. [b]) (operating an uninspected motor vehicle), and 319 (operating a motor vehicle without insurance), of the Vehicle and Traffic Law.
The evidence on the trial showed that the defendant was a 14-year-old boy who had somehow attached a two and one-half horsepower lawn mower motor to his bicycle, using the end of a 'baseball bat as a means of transmitting the power of the *775 motor to the rear wheel of the bicycle. It was his operation of this contraption on a public street that caused the issuance of the uniform traffic tickets in this case.
It is axiomatic that before a defendant may be convicted of a crime or a violation that carries criminal penalties, the conduct which is proscribed must be clear and unequivocal.
The statute involved in the instant prosecution does not meet that standard.
Sections 401 (subd. 1), 306 (subd. [b]), and 319 of the Vehicle and Traffic Law refer to a “ motor vehicle ” and section 503 to a “ motorcycle ’ ’.
Both of these terms are defined in the Vehicle and Traffic Law. Section 123 defines a “motorcycle” and section 125 defines a “ motor vehicle ”.
However, section 124 defines something called a “motor-driven cycle ” as “ Every motorcycle, including every motor scooter, with a motor which produces not to exceed five horsepower, and every bicycle with motor attached ”.
While the draftsmanship of the latter definition leaves a great deal to be desired, I assume it means a motor that is incapable of producing more than five horsepower.
However, it is relatively clear that the vehicle in question in this case fits the definition in section 124 and is, therefore, a 1 ‘ motor-driven cycle ’ ’.
It is interesting to note that nowhere in the Vehicle and Traffic Law other than in section 124 d.oes the phrase “ motor-driven cycle ” appear. Since the Legislature has seen fit to define three types of vehicles, namely, “motor vehicle ”, “ motorcycle ”, and “ motor-driven cycle ” and then regulate the operation of both “motor vehicles” and “motorcycles” but not “ motor-driven cycles ” in subsequent sections, it can only be concluded that the Legislature intended to exempt the latter from the regulations which are applicable to the first two types of vehicles which are defined.
An acceptance of the argument that the definition of ‘ ‘ motor vehicle ” as “ Every vehicle * * * operated or driven upon a public highway by any power other than muscular power ” is broad enough to include a “motor-driven cycle” would result in the absurd conclusion that a home-owner mowing his lawn with a hand-guided power lawn mower who happened to move it along his sidewalk would be guilty of violating the Vehicle and Traffic Law sections with which the defendant is charged herein.
It is obvious that there is at least confusion in the applicability of the Vehicle and Traffic Law sections discussed herein and *776 it would appear desirable that there be legislative clarification thereof. Until that time, however, such confusion must be resolved in favor of the defendant and all the charges herein are dismissed.